UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

JONG HYOUN KIM,                                           Civil Action No.:
                                                          16-CV-1980

                                    Plaintiff,

               - against -

WISE COACHES, INC. and TERRY SWANN,

                                    Defendants.
------------------------------------------------------------------x

### Memorandum of Law in Support of Defendants' Motion for Summary Judgment

Respectfully submitted,


GALLO VITUCCI KLAR LLP
*Attorneys for Defendants*
WISE COACHES, INC. and TERRY SWANN
90 Broad Street, 3rd Floor
New York, New York 10004
(212) 683-7100
Our File No.: NI 2015-7



Of Counsel:
Bryan T. Schwartz (BS-3033)

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 3

STATEMENT OF RELEVANT FACTS ...................................................................... 3
    A.  Nature of Claim ........................................................................................... 3
    B.  Plaintiff's Testimony ................................................................................... 3
    C.  Plaintiff's Damages Claims ......................................................................... 4
    D.  Plaintiff's Medical Records ......................................................................... 5
    E.  Defendant's Orthopedic Report and Opinion – Dr. Andrew Casden ............ 5
    F.  Defendant's Orthopedic Report and Opinion – Dr. Andrew Bazos .............. 7
    G.  Defendant's Radiological Report and Opinion – Dr. John Rigney ............... 8
    H.  Defendant's Biomechanical Engineer's Report and Opinion – Dr. David Gushu .......... 8

POINT I

SUMMARY JUDGMENT IS WARRANTED ............................................................. 9
    A.  Standard Of Review .................................................................................... 9

POINT II

PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION CANNOT
BE SUSTAINED UNDER NEW YORK INSURANCE LAW
5102(d) BECAUSE PLAINTIFF DID NOT SUSTAIN A "SERIOUS
INJURY" AS A PROXIMATE CAUSE OF THE ALLEGED MOTOR
VEHICLE COLLISION .......................................................................................... 11
    A.  Standard of Review ................................................................................... 12
    B.  Serious Injury:  Death, Dismemberment, Loss of Fetus, Fracture and Significant
    Disfigurement are not applicable ................................................................. 13
    C.  Serious injury:   Plaintiff did not sustain a permanent consequential limitation or a
    significant limitation of use as a result of this incident………………………..13
    D. Serious injury:  Plaintiff was not prevented from performing her customary activities
    for 90 days during the 180 days immediately following the accident……………..…...15
    E.  Plaintiff's surgeries, in and of itself, are not sufficient to establish a "serious injury".. 16
CONCLUSION ...................................................................................................... 18

TABLE OF
AUTHORITIES………………………………………………………………….19

**Preliminary Statement**

Defendants respectfully submit this memorandum of law in support of their FRCP 56 motion for summary judgment on the grounds that:

(a) plaintiff's negligence cause of action cannot be sustained under New York Insurance Law § 5102(d) because plaintiff did not sustain a "serious injury" as a proximate cause of the alleged motor vehicle collision of August 8, 2015.

Accordingly, the within motion should be granted in all respects.

## II.

### Statement of Relevant Facts

This memorandum of law, together with Defendants' Rule 56.1 Statement of Facts, the Affirmation of Bryan T. Schwartz and the exhibits thereto, is submitted in support of the Defendants' motion for summary judgment against Plaintiff, pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking dismissal of the Complaint in this action in its entirety

### A.   Nature of Claim

Plaintiff Jong Hyoun Kim, age 60 at the time of the accident, was operating a 2011 Honda on August 8, 2015 when he was rubbed up upon by the defendant bus at the intersection of 33rd Street and Broadway in Manhattan.

Plaintiff alleges negligence and seeks to recover damages for personal injuries. (Exhibit "A"). In their Answer, defendants denied the material allegations of the complaint and asserted various affirmative defenses, including that plaintiff's action is barred by NY Insurance Law 5102(d) because she did not sustain a "serious injury" in the alleged accident. (Exhibit "B").

### B.   Plaintiff's Testimony

Plaintiff testified that he refused medical attention at the scene and did not make any complaints of pain to the responding police officers (Exhibit M, page 45-46). The plaintiff

identified the cosmetic "damage" to his vehicle sustained in the accident (Exhibit N and O).

He first sought medical treatment two days after the accident at Baarn Clinic where he received chiropractic adjustments and physical therapy (Exhibit M, page 48).

Importantly, the plaintiff returned to work within 10 days of the accident as an Uber and Lyft driver (Exhibit M, Page 53). He returned to driving his normal shifts which consisted of 4 days/week for 6-8 hours/day. (Exhibit M, page 63-64).

He received physical therapy treatment through September 16, 2016 and ultimately underwent arthroscopic shoulder surgery (Exhibit M, page 67). He then underwent one week of physical therapy (Exhibit M, page 71) and returned to work as an Uber and Lyft driver (Exhibit M, page 70). When he returned to work, he returned to his regular work schedule.

The plaintiff then saw Dr. Lattuga in January 2017 with complaints of neck pain. While the plaintiff was unaware of the surgery performed by Dr. Lattuga, based on the operative report, the plaintiff underwent a cervical fusion surgery (Exhibit H).

There are no activities that he can no longer perform as a result of the injuries allegedly sustained in the accident (Exhibit M at 108).

Plaintiff works the same work schedule as he did prior to the accident.   (Exhibit M, page 11).

Plaintiff has never worn a back-brace due to the injuries (Exhibit M, Page 110).

Plaintiff has never worn a neck brace due to the injuries (Id.).

## C. Plaintiff's Damages Claims

Plaintiff allegedly sustained an injury to his neck and shoulder in the accident and ultimately underwent surgery.  These alleged injuries were listed in plaintiff's Bill of Particulars (Exhibit "D") and Plaintiff's Disclosures pursuant to Rule 26.

**D.    Plaintiff's Medical Records**

Plaintiff never went to an emergency room after the accident and first sought medical treatment two days later at a chiropractic facility (Exhibit M, page 48).

He was ultimately referred to Dr. Scialris and Dr. Lattuga- two orthopedic surgeons well known to the plaintiff's bar.  He ultimately underwent shoulder surgery 13 months after the accident and cervical fusion 16 months after the accident.

Plaintiff was involved in a second accident on February 8, 2016 while he was driving for Uber (Exhibit M, page 82).

He explained that after stopping at an intersection, he proceeded to drive his vehicle forward and was struck by another vehicle that was traveling "50-60 mph" (Exhibit M, page 84).  The impact pushed his vehicle sideways causing it to strike a parked vehicle (Exhibit M, page 85).   (Photos of the vehicles are annexed as Exhibit R)

After this subsequent accident, he immediately sought medical treatment at Care Plus with complaints of pain to his neck, back and left shoulder (Exhibit M, page 90) and filed a claim for workers compensation benefits (Exhibit S).   He commenced therapy for the injuries sustained from the February 2016 accident which included a series of epidural injections to his neck and upper back (Exhibit M, page 97).

He commenced a bodily injury law suit in connection with that accident (Page 95).

He never told Dr. Lattuga about the February 2016 accident because, "he didn't ask" (Exhibit M, page 98).

**E.    Defendant's Orthopedic Report and Opinion – Dr. Andrew Casden**

Defendants' expert Spine Orthopedist, Dr. Andrew Casden, found no causal connection between the accident and the resulting injuries to the plaintiff's cervical spine.  He states the

5

accident was a low-energy injury which is evidenced by the fact that there was no air bag deployment, no ambulance was called and the plaintiff did not seek medical help until two days after the accident. (See Exhibit T).

He noted that the plaintiff was not in any distress during the examination and moved freely without limitation, and was working full time.  He presented with no evidence of disability and did not require the use of pain medication and was not undergoing physical therapy.  He also stated that none of the plaintiff's subjective complaints are supported by objective findings.

On examination, the plaintiff's range of motion in the lumbar spine was excellent with 70 degrees of flexion, 30 degrees of extension without pain.  His cervical motion revealed 80 degrees of flexion (chin almost to his chest), extension of about 30 degrees, and left and right rotation of approximately 45 degrees.  He exhibited 5/5 strength and was _not_ in any pain at any point during the examination.

The plaintiff also moved quickly about the exam room, and when he went to pick up his coat, he did so without any hesitation.

Dr. Casden also noted that Dr. Lattuga did not mention the accident of February 8, 2016 in his reports and opined that the accident of February 8, 2016 may be the cause of the surgery that was performed on Mr. Kim which is unaddressed by Dr. Lattuga.

He concluded that the plaintiff, "did not sustain any injury to the cervical or lumbar spine at the time of the accident of August 8, 2015 and that there is no causal relationship between the accident and any of the radiologic findings on the MRI scan of the cervical and lumbar spine dated September 22, 2015. Mr. Kim is not disabled at this time and should be able to continue functioning at a high level like he is at this time."

## F.    Defendant's Orthopedic Report and Opinion – Dr. Andrew Bazos

The plaintiff was also examined by Dr. Andrew Bazos with respect to his alleged shoulder injury (Exhibit U). Dr. Bazos reviewed the medical records and examined the plaintiff and concluded that Mr. Kim suffered nothing more than, "minor, self-limited, soft tissue injuries to the cervical and lumbar spine and right shoulder because of the subject motor vehicle accident on August 8, 2015."

Like Dr. Casden, he based his opinion of lack of any significant injury on the fact that the plaintiff did not go to the hospital after the accident, rather he waited until two days after the incident in question at which time he sought care from a chiropractor.  Given the delay in seeking treatment, he opined, that the plaintiff sustained no significant injury to the cervical and lumbar spine and right shoulder beyond mild soft tissue trauma.

Dr. Bazos' examination of the plaintiff's shoulder was "completely normal" and showed forward elevation bilaterally to 180 degrees, internal rotation bilaterally to 55 degrees, external rotation bilaterally to 45 degrees. Abduction was full bilaterally at 180 degrees. Negative apprehension. Negative impingement. Right shoulder internal rotation was 45 and left was 55.

Dr. Bazos also opined that the surgery performed to the right shoulder was due to pre-existing degenerative and age-related changes, and was "in no way causally related to the subject accident."

Finally, he notes that the plaintiff was involved in a subsequent motor vehicle accident on February 8, 2016 which could have caused the shoulder injury and found it curious that the, "claimant never mentioned this accident to his treating physicians specifically his surgeon Dr. Adin. This omission in the history reported to the treating doctor calls into question patient sincerity."

7

**G.**   **Defendant's Radiological Report and Opinion – Dr. John Rigney**

Dr. John Rigney, the defendants' radiologist, reviewed the MRI films of the plaintiff taken after both accidents. In Dr. Rigney's report dated March 19, 2017 (Exhibit V), he notes that the MRI of plaintiff's cervical spine taken six weeks following the accident demonstrated chronic and degenerative conditions in the cervical spine which precede the subject accident. This patient suffered no injury to either the cervical or lumbar spine as a result of the subject accident.

He concludes by stating that, "This patient suffered no injury to either the cervical or lumbar spine as a result of the accident in question." (Id.).

**H.**   **Defendant's Biomechanical Engineer's Report and Opinion – Dr. David Gushu**

Dr. David Gushu is a biomechanical engineer who, in sum, opined that there was no injury mechanism present in the subject incident to account for Mr. Kim's claimed cervical spine injuries. As such, a causal relationship between the subject incident and the cervical spine injuries and right shoulder injury cannot be made. (Exhibit W)

He explained that the damage to the accident vehicles, the testimony of the parties, and engineering analyses indicate that the collision is consistent with a surface-to-surface sideswipe event with an effective acceleration below 1.0g and a Delta-V below 2.25 miles-per hour for the Honda Odyssey in which Mr. Kim was seated.

Given these speeds, the accelerations/forces experienced by Mr. Kim were within the limits of human tolerance and the personal tolerance levels of Mr. Kim based on an engineering analysis of his medical records and testimony, and were comparable to, or less than, those associated with his activities of daily living.

He further states that had any of the forces been great enough to overcome muscle reactions during the contact to the Honda Odyssey, Mr. Kim's body would have been slightly jostled, and if any motion were to occur the principle direction of motion would be slightly rearward and slightly leftward, relative to the interior of the vehicle. These motions would have been well-controlled and all motions would be well within normal movement limits.

He concludes by stating that there is no injury mechanism present in the subject incident to account for Mr. Kim's claimed right shoulder or cervical spine injuries.

As will be demonstrated below, the plaintiff has not, and indeed cannot, establish that he sustained a "serious injury" under Since this plaintiff cannot causally link the injuries claimed to the subject occurrence, he cannot establish a *prima facie* case of "serious injury" within the meaning and requirements of Section 5102(d) of the New York No Fault Law and on the basis thereof, it is respectfully requested that this Court grant Summary Judgment to these moving Defendants

### III.

### Argument

### Point I

### <u>SUMMARY JUDGMENT IS WARRANTED</u>

#### A. <u>Standard of Review</u>

Pursuant to Fed.R.Civ.P. 56, summary judgment shall be granted where "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Salahuddin v. Goord,* 467 F.3d 263, 272 (2nd Cir. 2006). "At the summary judgment stage, the judge's function is not … to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).  "There is no requirement that the trial judge make findings of fact." *Id.* at 250.

The moving party carries the initial burden of demonstrating "why it is entitled to summary judgment." *Salahuddin*, 467 F.3d at 272.  In cases such as this one where the non-moving party will bear the burden of proof at trial, the moving party may show *prima facie* entitlement to summary judgment by either submitting affirmative evidence that negates the non-moving party's claim or identifying "those portions of [the nonmoving party's] evidence that demonstrate the absence of a genuine issue of material fact." *Id.* at 272-273.

Once the moving party makes this *prima facie* showing, the burden shifts to the nonmoving party to produce evidentiary materials that demonstrate a genuine issue of material fact. *Sanders v. Citibank*, 305 Fed.Appx. 750, 750 (2nd Cir. 2009).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. at 247–48, 106 S.Ct. 2505 (emphasis in original). "A fact is material if it might affect the outcome of the suit under the governing law." *Fincher v. Depository Trust and Clearing Corp.,* 604 F.3d 712, 720 (2nd Cir. 2010) *quoting* (*Roe v. City of Waterbury,* 542 F.3d 31, 35 (2nd. Cir. 2008)). "A genuine factual issue exists if there is sufficient evidence favoring the nonmovant for a reasonable jury to return a verdict in his favor." *Marcoux v. Farm Service and Supplies*, 283 F.Supp.2d 901, 907 (S.D.N.Y. 2003) *citing (Anderson*, 477 U.S. at 247-50, 106 S.Ct. 2505).  The court must construe the facts in the light most favorable to the nonmoving party and all reasonable inferences and ambiguities must be resolved against the moving party. *FDIC v. Great Am. Ins. Co.,* 607 F.3d 288, 292 (2nd Cir. 2010). However, if the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (internal citations omitted). The nonmoving party may not rest merely on allegations or denials but must instead set out specific facts showing a genuine issue for trial. *See FDIC,* 607 F.3d at 292.

### Point II

### Plaintiff's negligence cause of action cannot be sustained under New York Insurance Law § 5102(d) because plaintiff did not sustain a "serious injury" as a proximate cause of the alleged motor vehicle collision

**A.   Standard of Review**

In New York, upon the defendant's establishment of *prima facie* entitlement to summary judgment on the "serious injury" threshold of Insurance Law 5102(d), the plaintiff can only raise a triable issue of fact by submission of competent and admissible medical evidence, based on objective medical findings and diagnostic tests, which support a claim of serious injury. See, e.g., *Cody v. Parker*, 263 A.D. 2d 866, 867 (3d Dept. 1999). However, the mere repetition of statutory language (e.g., "permanent injury") by the plaintiff's treating physician is considered too conclusory to raise a question of fact as to whether a "serious injury" was sustained. *Lopez v. Senatore*, 65 N.Y.2d 1017, 1019 (1985); *Gaddy v. Eyler*, 79 N.Y.2d 955 (1992).

Insurance Law § 5104(a) precludes a cause of action for personal injury sustained in a motor vehicle accident, unless the plaintiff sustained a "serious injury" as defined in Section 5102. Otherwise, plaintiff's sole remedy is through no-fault insurance.

Of course, the "serious injury" must have been proximately caused by the motor vehicle collision of which plaintiff complains. Section 5104(a) requires that the "serious injury" must have "aris[en] out of [defendant's] negligence in the use or operation of a motor vehicle." Moreover, under common-law principles the defendants cannot be held responsible in tort for

any injuries not caused by the motor vehicle accident, since proximate cause is a necessary element of any negligence claim.  See, e.g., *Zuckerman v. City of New York*, 49 N.Y.2d 557 (1980).

Here, the injuries alleged by the plaintiff should not be considered "serious" as defined in Section 5102.

New York Insurance Law § 5102 defines "serious injury" as:

(1)  Death;
(2)  Dismemberment;
(3)  Significant disfigurement;
(4)  A fracture;
(5)  Loss of fetus;
(6)  Permanent loss of use of body organ, member, function or system;
(7)  Permanent consequential limitation of the use of a body organ  or member;
(8)  Significant limitation of use of a body function or system;
(9)  A medically determined injury or impairment of a non- permanent nature which prevents the injured person from performing substantially all of the material acts which  constitute such persons usual and customary daily activities for not less than ninety (90) days during the one hundred-eighty (180) days immediately following the occurrence of the injury or impairment.

In his responses to defendants' discovery demands, the plaintiff alleges nonspecific injuries to her spine.  While the plaintiff alleges injuries to his right shoulder and cervical spine, these conditions did not occur as a result of the subject accident and the injuries are vague and unsupported by plaintiff's medical records and treatment history.

Counsel in opposition will undoubtedly reference his experts' reports in opposition to the instant motion, but it would be insufficient to raise an issue of fact necessitating a denial of this motion.  The fact remains that the plaintiff, through his testimony, does not meet any of the prongs necessary to establish a "serious injury": There is no reference to any hospital confinement, no allegation of disfigurement, nor does the plaintiff specify any permanent or significant limitation of use of a body organ member or system as a result of the accident.  In

fact, there is no "injury" which prevented the plaintiff from performing   his usual and customary activities during the one hundred-eighty (180) days immediately following the occurrence. The plaintiff simply returned to work.

**B.**   **Serious injury:  Death, Dismemberment, Loss of Fetus, Fracture and Significant Disfigurement are not applicable.**

With respect to the injuries claimed by the plaintiff, in order to qualify under significant disfigurement, the injury must be one that a reasonable person would regard as unattractive, objectionable or as the object of pity and scorn. *Sirmans v. Mannah*, 752 N.Y.S.2d 359 (2nd Dept. 2002); *Loiseau v. Maxwell*, 682 N.Y.S.2d 74 (2nd Dept. 1998). Clearly this does not apply to the plaintiff herein as it was never alleged or pled.  (**Exhibit "C"**).  Plaintiff did not die, become dismembered, sustain a fracture or a significantly disfiguring injury.  He obviously did not lose a fetus.  As such, these sections are inapplicable.

**C.**   **Serious injury:   Plaintiff did not sustain a permanent consequential limitation or a significant limitation of use as a result of this incident**

Plaintiff has not sustained a permanent consequential limitation of use of her spine or any other part of her body following this accident.  The New York Court of Appeals has held that "only a total loss of use is compensable under the 'permanent loss of use' exception to the no-fault remedy". *Oberly v. Bangs Ambulance*, 96 N.Y. 2d 295, (2001) (emphasis added).

The pivotal claim, permanence, must be accompanied by objective medical proof that the injury qualifies; a conclusory allegation that the injury is "permanent" is not by itself sufficient. *Lopez v. Senatore*, 65 N.Y. 2d 1017, (1985) (Finding that mere repetition of statutory terms is insufficient where they are not supported by objective medical evidence); *Lanuto v. Constantine,* 192 A.D. 2d 989, (3rd Dept. 1993) (Holding that there is no serious injury where

medical reports are silent as to permanence); *Forte v. Vaccara*, 572 N.Y.S. 2d 41 (2d Dept. 1991) (Finding that sprains, radiculitis and a restriction of motion are not serious injuries).

Further, the Court of Appeals has affirmatively held that mere complaints of pain in and of themselves are insufficient to establish a permanent consequential limitation of use. *Scheer v. Koubeck*, 518 N.Y.S. 2d 788 (1987). There must also be a loss or limitation of use in conjunction with the complaints of pain as "permanence" alone is likewise insufficient. *Locatelli v. Blanchard,* 485 N.Y.S. 2d 603 (3rd Dept. 1985). The medical proof must be objective and competent; neither subjective complaints nor equivocal prognosis such as "guarded" or a "tendency toward" future complications proves permanence. *LaGreca v. Ebeling*, 548 N.Y.S. 2d 289 (2d Dept. 1989).

The Court of Appeals has consistently held that a minor, mild or slight limitation of use should be classified as insignificant within the meaning of the Statute. *Toure v. Avis Rent A Car*, 98 N.Y.2d 345, 774 N.E.2d 1197 (1ˢᵗ Dept. 2002), *citing*, *Licari v. Elliot*, 401 N.E.2d 1088, 57 N.Y.2d 230, 455 N.Y.S.2d 570 (1982); *Gaddy v. Eyler*, 591 N.E.2d 1176, 79 N.Y.2d 955, 582 N.Y.S.2d 999 (N.Y. 1992). Therefore, plaintiff's injuries fail to meet the threshold requirement as set forth in New York Insurance Law § 5102 (d) and 5104.

The Plaintiff has not demonstrated either through testimonial proof or objective medical evidence of the extent or degree of the alleged physical limitations resulting from the alleged injuries sustained in this accident.

The Plaintiff did not seek medical attention until two days after the subject accident at the office of a chiropractor and returned to work several days after the accident as an Uber and Lyft driver- working the same number of days per week and the same number of hours per day as he did prior to the subject accident.

As such, plaintiff cannot establish that he sustained any permanent or significant limitation from the alleged injuries injury.

**D.** **Serious Injury:  Plaintiff was not prevented from performing her customary daily activities for 90 days during the 180 days immediately following the accident**

In order for plaintiff's claimed injuries to qualify as a serious injury under this prong of 5102(d) of the New York State Insurance Law, there must be: a) proof of the nature and extent of her usual and customary activities before the accident; b) proof of the extent to which plaintiff was unable to do substantially all of those activities during the statutory period; c) objective medical evidence of the disability and its causal relationship to the accident; and d) objective medical proof of the length of time that the disability lasted.

As set forth above, plaintiff cannot show an injury related to this accident. But in addition, plaintiff cannot show that any activity caused her to curtail her activities.

Indeed, New York courts have consistently considered a minimal loss of time from work to be indicative of a lack of a "serious injury." *Lalli v. Tamasi*, 698 N.Y.S. 2d 276 (2d Dept. 1999); *McNeil v. Dixon*, 780 N.Y.S.2d 635 (2d Dept. 2004); *Mercado v. Garbacz*, 792 N.Y.S.2d 519 (2d Dept. 2005).

A mere intrusion into a plaintiff's lifestyle will not suffice. *Letellier v. Walker*, 635 N.Y.S.2d 682 (2d Dept. 1995) (90/180 rule not met where plaintiff's bill of particulars and deposition testimony admit she missed less than 3 weeks of work); *Brantley v. New York City Tr. Auth.*, 852 N.Y.S.2d 81 (1ˢᵗ Dept. 2008) (90/180 rule not met where plaintiff confined to home for 5 days).

Self-serving comments concerning the inability to perform activities or complaints of occasional pain or even recurrent pain without more, are insufficient to defeat a motion for summary judgment. *Glielmi v. Banner*, 678 N.Y.S.2d 138 (2nd Dept. 1998); *Phillips v. Costa*,

554 N.Y.S.2d 288 (2nd Dept. 1990).   Here, plaintiff testified that he returned to work within ten days of the accident (Exhibit M, Page 53).  He returned to driving his normal shifts which consisted of 4 days/week for 6-8 hours/day. (Exhibit M, page 63-64).   As an Uber and Lyft driver, he testified that he would assist passengers placing their luggage in and out of the trunk of his car (Exhibit M, page 64).

Moreover, there are no activities that he can no longer perform as a result of the injuries allegedly sustained in the accident (Exhibit M at 108).

Even accepting that plaintiff had to curtail some of her activities, the record fails to show that such restrictions were medically indicated.  An important element in establishing an injury under this category is the requirement that the injury be medically determined. *Abrahamson v. Premier Car Rental of Smithtown*, 691 N.Y.S.2d 83 (2nd Dept. 1999); *Retina v. Horan*, 639 N.Y.S.2d 171 (3rd Dept. 1996).  Here, plaintiff was not given any medical restrictions or limitations following her examination on the date of the accident.  (Exhibit "J"). Plaintiff did not seek any treatment in the following 180 days after the date of the accident. Plaintiff is unable to set forth any medical records or other evidence to indicate that she was prevented from performing her customary daily activities for 90 days during the 180 days immediately following the accident.

Therefore, the injuries alleged by plaintiff are not, as a matter of law, "serious injuries" and there is no evidence that they were caused by this accident.  As such, plaintiff's complaint should be dismissed in its entirety.

**E.**   **Plaintiff's surgeries, in and of itself, are not sufficient to establish a "serious injury"**

It is critical to note that merely because one undergoes surgery it does not mean that he sustained a "serious injury." As defined in the New York State Insurance Law, plaintiff must still make a showing that her injuries meet the statutory threshold irrespective of any surgical procedures. The Appellate Courts have held that when defendants were able to show that plaintiff could resume her usual activities nine weeks post-surgery with only slight discomfort, their motion for summary judgment has been granted. *Fortune v. Sacks and Sacks*, 272 A.D.2d 277, 708 N.Y.S.2d 101 (1st Dept. 2000); see; *Becker v. Coiro*, 222 A.D.2d 543, 634 N.Y.S.2d 770 (2d Dept. 1995) (Plaintiff failed to prove he sustained a serious injury where he underwent left knee surgery because he failed to establish he was permanently disabled).

Defendants' expert Spine Orthopedist, Dr. Andrew Casden, found no causal connection between the accident and the resulting injuries to the plaintiff's cervical spine and presented with no evidence of disability and did not require the use of pain medication and was not undergoing physical therapy as of the time of the examination.

All range of motion testimony was normal on the date of Dr. Casden's examination and strength was noted as being 5/5. In fact. De. Casden concluded that the plaintiff, "did not sustain any injury to the cervical or lumbar spine at the time of the accident of August 8, 2015 and that there is no causal relationship between the accident and any of the radiologic findings on the MRI scan of the cervical and lumbar spine dated September 22, 2015. Mr. Kim is not disabled at this time and should be able to continue functioning at a high level like he is at this time."

With respect to the plaintiff's shoulder surgery, Dr. Bazos' examination of the plaintiff's shoulder was "completely normal" and showed forward elevation bilaterally to 180 degrees, internal rotation bilaterally to 55 degrees, external rotation bilaterally to 45 degrees. He concluded that **the surgery performed to the right shoulder was due to pre-existing**

**degenerative and age-related changes, and was "in no way causally related to the subject accident."**

The causal connection between the accident and the surgeries to the plaintiff's shoulder and cervical spine is also disputed by Dr. Rigney, the defendants' radiologist, who concluded that the conduitions were age appropriate and degenerative in nature rather than traumatically induced.

The foregoing clearly suffices to shift the burden to plaintiff. *Perez v Rodriguez*, 25 A.D.3d 506, 809 N.Y.S.2d 15 (1st Dept. 2006); *Bent v. Jackson*, 15 A.D.3d 46, 788 N.Y.S.2d 56 (1st Dept. 2005); *Chatah v. Iglesias*, 5 A.D.3d 160, 772 N.Y.S.2d 522 (1st Dept. 2004); *Meyers v Bnei Zion* 20 A.D.3d 456, 797 N.Y.S.2d 773 (2d Dept. 2005); *Rossi v. Gamper*, 287 A.D.2d 555, 556, 731 N.Y.S.2d 647 (2d Dept. 2001); *Sainte-Aime v. Ho*, 274 A.D.2d 569, 712 N.Y.S.2d 133 (2d Dept. 2000), *supra*. The evidence is clear that the injuries alleged by plaintiff resolved and thus the moving defendants have put forth prima facie evidence of plaintiff's failure to sustain a serious injury causally related to the subject accident thereby shifting the burden to plaintiff.

## Conclusion

For the foregoing reasons, it is respectfully requested that this Court grant Defendants' Motion for Summary Judgment to dismiss plaintiff's entire complaint as against them with prejudice, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
        August 23, 2017

Respectfully submitted,

GALLO VITUCCI KLAR LLP

BY: _____

Bryan T. Schwartz (BS3033)
*Attorneys for Defendants*
WISE COACHES, INC. and TERRY SWANN
90 Broad Street, 3rd Floor
New York, New York 10004
(212) 683-7100
Our File No.: NI 2015-7

TO:     ROBERT ALAN SAASTO ESQ.
        *Attorneys for Plaintiff*
        41 Eagle Chase
        Woodbury NY 11797
        (631) 223-1780

        Haesun Alexis Kim, Esq.
        Law Office of Andrew Park, P.C.
        450 Seventh Avenue
        Suite 1805
        New York, NY 10123
        (212)239-3680

## TABLE OF AUTHORITIES

### FEDERAL CASES

| Case | page |
|---|---|
| Salahuddin v. Goord, 467 F.3d 263, 272 (2nd Cir. 2006) | 9 |
| Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) | 9 |
| Sanders v. Citibank, 305 Fed.Appx. 750, 750 (2nd Cir. 2009). | 10 |
| Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 720 (2nd Cir. 2010) | 10 |
| Marcoux v. Farm Service and Supplies, 283 F.Supp.2d 901, 907 (S.D.N.Y. 2003) | 10 |
| FDIC v. Great Am. Ins. Co., 607 F.3d 288, 292 (2nd Cir. 2010) | 10 |
| | |

### STATE CASES

| | |
|---|---|
| Cody v. Parker, 263 A.D. 2d 866, 867 (3d Dept. 1999) | 11 |
| Gaddy v. Eyler, 79 N.Y.2d 955 (1992) | 11 |
| Zuckerman v. City of New York, 49 N.Y.2d 557 (1980) | 12 |
| Sirmans v. Mannah, 752 N.Y.S.2d 359 (2nd Dept. 2002) | 13 |
| Loiseau v. Maxwell, 682 N.Y.S.2d 74 (2nd Dept. 1998) | 13 |
| Oberly v. Bangs Ambulance, 96 N.Y. 2d 295, (2001) | 13 |
| Lopez v. Senatore, 65 N.Y. 2d 1017, (1985) | 13 |
| Lanuto v. Constantine, 192 A.D. 2d 989, (3rd Dept. 1993) | 13 |
| Forte v. Vaccara, 572 N.Y.S. 2d 41 (2d Dept. 1991) | 14 |
| Scheer v. Koubeck, 518 N.Y.S. 2d 788 (1987) | 14 |
| LaGreca v. Ebeling, 548 N.Y.S. 2d 289 (2d Dept. 1989) | 14 |
| Toure v. Avis Rent A Car, 98 N.Y.2d 345, 774 N.E.2d 1197 (1st Dept. 2002) | 14 |
| Lalli v. Tamasi, 698 N.Y.S. 2d 276 (2d Dept. 1999) | 15 |
| McNeil v. Dixon, 780 N.Y.S.2d 635 (2d Dept. 2004) | 15 |
| Mercado v. Garbacz, 792 N.Y.S.2d 519 (2d Dept. 2005) | 15 |

| | |
|---|---|
| Glielmi v. Banner, 678 N.Y.S.2d 138 (2nd Dept. 1998) | 15 |
| Phillips v. Costa, 554 N.Y.S.2d 288 (2nd Dept. 1990) | 15 |
| Abrahamson v. Premier Car Rental of Smithtown, 691 N.Y.S.2d 83 (2nd Dept. 1999); | 16 |
| Retina v. Horan, 639 N.Y.5.2d 171 (3rd Dept. 1996) | 16 |
| Fortune v. Sacks and Sacks, 272 A.D.2d 277, (1st Dept. 2000) | 17 |
| Becker v. Coiro, 222 A.D.2d 543, 634 N.Y.S.2d 770 (2d Dept. 1995) | 17 |
| Perez v Rodriguez, 25 A.D.3d 506, 809 N.Y.S.2d 15 (1st Dept. 2006); | 18 |
| Bent v. Jackson, 15 A.D.3d 46, 788 N.Y.S.2d 56 (1st Dept. 2005); | 18 |
| Chatah v. Iglesias, 5 A.D.3d 160, 772 N.Y.S.2d 522 (1st Dept. 2004); | 18 |
| Meyers v Bnei Zion 20 A.D.3d 456, 797 N.Y.S.2d 773 (2d Dept. 2005); | 18 |
| Rossi v. Gamper, 287 A.D.2d 555, 556, 731 N.Y.S.2d 647 (2d Dept. 2001); | 18 |
| Sainte-Aime v. Ho, 274 A.D.2d 569, 712 N.Y.S.2d 133 (2d Dept. 2000) | 18 |

## STATE STATUTES

New York Insurance Law § 5102(d)    12
New York Insurance Law § 5104       11

CIVIL ACTION NO.: 16-CV-1980

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONG HYON KIM

Plaintiff,

- against -

WISE COACHES, INC. and TERRY SWANN

Defendants.

**NOTICE OF MOTION FOR SUMMARY JUDGEMENT,
STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1,
AND MEMORANDUM OF LAW**

GALLO VITUCCI KLAR LLP
Attorneys for Defendants
90 Broad Street, 3rd Floor
New York, New York 10004
Phone:  (212) 683-7100
Fax:  (212) 683-5555
File No.:  NI 2015-7